IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. JONES, | No. CIV S-11-2972-GEB-CMK |
| Plaintiff, | |
| vs. | ORDER |
| FOREST SERVICE, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, proceeding in propria persona, brings this civil action under 28 U.S.C. § 1331. Pending before the court is plaintiff's motion to proceed in forma pauperis (Doc. 2) and his complaint (Doc. 1).

      Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. His motion to proceed in forma pauperis will therefore be granted.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening

provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

Plaintiff alleges he is, or was, an employee of the United States Department of Agriculture, Forest Service.  He alleges violations of the Americans with Disabilities Act (ADA) and Title VII of the Equal Employment Opportunities Act, relating to an on-the-job injury occurring during the course of his employment.

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If plaintiff desires service of process by the United States Marshal  without pre-payment of costs, plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted;

2.   The Clerk of the Court shall issue a summons in a civil case, the undersigned's new case documents, and an order setting this matter for an initial scheduling conference;

3.   The Clerk of the Court shall send plaintiff the summons, a USM-285 form, and a copy of the complaint;

/ / / /

4. Within 15 days from the date of this order, plaintiff shall complete the summons by indicating the addresses of the named defendants and shall submit to the United States Marshal at the address indicated below the following documents:

    a. The completed summons;

    b. One completed USM-285 form for each named defendant;

    c. Two copies of the complaint; and

    d. Two copies of the court's initial scheduling conference order issued herewith;

5. Within 20 days of the date of this order, plaintiff shall file a notice indicating that the documents described above have been submitted to the United States Marshal, or a notice that plaintiff intends to serve the summons and complaint without assistance from the United States Marshal;

6. If plaintiff seeks the assistance of the United States Marshal, the United States Marshal is directed to serve all process without pre-payment of costs not later than 60 days from the date of this order, such service of process to be completed by serving a copy of the summons, complaint, and initial scheduling conference order on the defendants at the addresses provided by plaintiff; and

7. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

DATED: April 30, 2012

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE