**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL R. JONES, | No. CIV S-11-2972-GEB-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| FOREST SERVICE, et al., | |
| Defendants. | |
| _____ / | |

       Plaintiff, proceeding in propria persona, brings this civil action under 28 U.S.C. § 1331. Pending before the court is plaintiff's objections to the undersigned being assigned to this matter (Docs. 7,9). The court construes these objections as a request for recusal.

       A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144

1   Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting 28
2   U.S.C. § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the
3   Court in Berger held that the judge against whom a disqualification motion is brought may pass
4   on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state
5   facts which, if true, fairly support the allegation of bias or prejudice which stems from an
6   extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.
7   Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the
8   necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

9   Plaintiff's objections to the undersigned are unsupported by any facts indicating a
10  basis for such disqualification.  Instead, plaintiff simply objects on the basis that he has another
11  case currently assigned to the undersigned, and that he is not willing to consent to Magistrate
12  Judge jurisdiction.  Neither of these reasons support disqualification.  There is no indication from
13  plaintiff that he alleges any bias or prejudice.  Simply having more than one case assigned to the
14  same judicial officer is an insufficient basis for recusal.   In addition, pursuant to the Eastern
15  District of California Local Rules, all non-prisoner cases are assigned to both a District Judge
16  and a Magistrate Judge.  There are specific duties of the Magistrate Judge outlined in the local
17  rules which apply in all cases regardless of whether the parties consent to Magistrate Judge
18  jurisdiction for all proceedings.  If the parties do consent, then the case is reassigned to a
19  Magistrate Judge only, with no District Judge assigned, for all proceedings, up to and including
20  trial.  In this case, as plaintiff has indicated he does not consent to Magistrate Judge jurisdiction,
21  and the District Judge is still assigned.  The lack of consent to Magistrate Judge jurisdiction does
22  not alter the duties of the assigned Magistrate Judge pursuant to the local rules.  Indeed, plaintiff
23  has provided no grounds for which a request for recusal could be granted.

24  Finally, while no specific motion has been filed, plaintiff has requested the
25  appointment of counsel to assist him in this litigation.  Generally, a plaintiff in a civil case has no
26  right to appointed counsel.  See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989);

United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986).  Under 28 U.S.C. § 1915(e)(1), the court may request counsel to voluntarily provide representation to civil litigants in exceptional circumstances.  Additionally, in a Title VII case, counsel for indigent plaintiffs may be appointed "in such circumstances as the court may deem just."  42 U.S.C. § 2000e-5(f)(1).  In considering whether to appoint counsel for a Title VII plaintiff, a court must examine "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."  Bradshaw v. Zoological Soc., 662 F.2d 1301, 1318 (9th Cir. 1981) (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308-10 (5th Cir. 1977)).  Whether to appoint counsel is in the court's discretion.  See Johnson v. United States Dep't of Treasury, 939 F.2d 820, 824 (9th Cir. 1991).

      To the extent this is a Title VII case, plaintiff fails to set forth any effort he has made to secure counsel.  Plaintiff has been granted leave to proceed in forma pauperis, but that is only one factor to consider.  The other reasons plaintiff provides do not provide ample support of his request.  The issues and claims raised do not appear to be extremely complex and beyond plaintiff's abilities as he contends.  Instead, plaintiff seems capable of articulating his claims and understanding the proceedings.  The court does not find the necessary exceptional circumstances in which to appoint counsel in this case.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for recusal and appointment of counsel are denied.

DATED: May 22, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3