IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. JONES, | No. CIV S-11-2972-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| FOREST SERVICE, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, proceeding in propria persona, brings this civil action.

   On November 19, 2012, the court issued an order for plaintiff to perfect service. In that order, the court explained to plaintiff that the proof of service he submitted was inadequate to show proper service on any of the defendants. Plaintiff was ordered to properly serve the defendants in this action, pursuant to Rule 4(c) and (i) of the Federal Rules of Civil Procedure, within 60 days of the date of that order, and to submit proof of that service within 10 days. In response, plaintiff filed an opposition indicating his belief that the court's finding of improper service was incorrect and that he properly served the defendants. Other than address changes, no further filings have been received by the court.

/ / /

1

1    In the court's prior order, the undersigned explained in detail the deficiencies in the service of process.  Plaintiff had the option of allowing the United States Marshal to service the defendants, but he chose to undertake service himself.  Even after providing plaintiff specific information as to the proper method of service, plaintiff has failed to perfect service on any defendant.  As plaintiff was cautioned, Rule 4(m) requires service to be completed within 120 days after the complaint is filed.  Fed. R. Civ. Proc 4(m).  If service is not timely completed, "the court . . . must dismiss the action without prejudice . . . ."  Id.  Well over 120 days have passed since the complaint in this action was filed and deemed appropriate for service.  In addition, the court provided plaintiff additional time in which to complete service, as provided in Rule 4(m), but that time has now passed as well.

Even if plaintiff was correct, that service on the defendants was sufficient, he has failed to move this case forward.  Plaintiff never requested or obtained an entry of default against any of the defendants.[1]  He has taken no action in this case in well over a year. Such a delay is unreasonable. Having this case languish on the court's docket, with no resolution in sight, is unacceptable especially in light of the specific instructions plaintiff was provided as to what was required of him to perfect service and the option he had in utilizing the United States Marshal to complete service.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

---

[1] Even if plaintiff was to file a request for entry of default at this time, such would be denied as he has not perfected service as he was required to do.

appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to prosecute this case as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for failure to timely serve the defendants, as well as plaintiff's lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2014

/s/ Craig M. Kellison
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE